UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH MAY,

    Plaintiff,

v.                                                     Case No.:  6:22-cv-653-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# **OPINION AND ORDER**

Plaintiff Kenneth May seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply memorandum. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe

impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on December 11, 2019, alleging disability beginning October 5, 2018. (Tr. 70, 209-210). The application was denied initially and on reconsideration. (Tr. 70, 90). Plaintiff requested a hearing and on May 6, 2021, a hearing was held before Administrative Law Judge Thurman Anderson ("ALJ"). (Tr. 37-54). On June 7, 2021, the ALJ entered a decision finding Plaintiff had not been disabled from October 5, 2018, through the date of the decision, (Tr. 13-23).

Plaintiff requested review of the ALJ's decision. (Tr. 4). On December 13, 2021, the Appeals Council granted Plaintiff's request for review, notified Plaintiff that it proposed to issue a decision finding Plaintiff was not entitled to benefits under the Social Security Act, and allowed Plaintiff and his representative the opportunity to submit a statement about the facts and law of the case or additional evidence. (Tr. 4). The Appeals Council received no statement or additional evidence from Plaintiff. (Tr. 4).

On February 3, 2022, the Appeals Council issued an unfavorable decision, (Tr. 4-8). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 1, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

**D.    Summary of the Appeals Council's Decision**[1]

In this matter, the Appeals Council found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 4, 6, 15). At step one of the sequential evaluation, the Appeals Council found that Plaintiff had not engaged in substantial gainful activity since October 5, 2018, the alleged onset date. (Tr. 4, 6, 15). At step two, the Appeals Council found Plaintiff had the following severe impairments: "major depressive disorder recurrent severe without psychotic features, generalized anxiety disorder and posttraumatic stress disorder." (Tr. 4, 6, 16). At step three, the Appeals Council found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 4, 6, 17).

Before proceeding to step four, the Appeals Council found that Plaintiff had the following RFC:

> For the reasons articulated in the decision, the Appeals Council finds the claimant retains the residual functional capacity to perform work at all exertional levels with additional limitations. He has the ability to perform simple, routine, repetitive tasks on a sustained basis over a normal eight-hour workday, in a normal work environment with no more than simple decision making

---

[1] The Appeals Council adopted some of the findings in the ALJ's decision. Thus, the summary refers to both decisions.

> and frequent close interpersonal interactions with co-workers, supervisors, and the public.

(Tr. 5, 18).

At step four, the Appeals Council found Plaintiff was unable to perform his past relevant work as a paramedic and a firefighter. (Tr. 5, 22). At step five, the Appeals Council considered Plaintiff's age (58 on the alleged onset date and 61 on the date the decision was issued), education (at least high school), work experience, and RFC, to determine if jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 5, 22).

At this point, the Appeals Council decision deviated from the ALJ's decision. (Tr. 5-6, 22-23). Relying on a vocational expert's testimony, the ALJ found Plaintiff capable of performing three jobs at the light exertional level (Tr. 23). The Appeals Council determined that this evidence was insufficient to support a finding of not disabled because if Plaintiff was limited to light work, then according to Medical-Vocational Rule 202.06, he would be found disabled. (Tr. 5). Instead, at step five of the sequential evaluation process, the Appeals Council found that evidence from a vocational expert was unnecessary and Plaintiff was not disabled within the framework of Medical-Vocational Rule 204.00. (Tr. 6). The Appeals Council concluded that Plaintiff was not under a disability from October 5, 2018, through the date of the ALJ's decision, June 7, 2021. (Tr. 6).

**II.     Analysis**

On appeal, Plaintiff raises one issue: whether the Appeals Council erred by relying on the Medical-Vocational Guidelines ("Grids") to find that Plaintiff was not disabled. (Doc. 18, p, 3). Plaintiff argues that because the Appeals Council found he had non-exertional limitations, these non-exertional limitations erode the occupational base for unskilled work and therefore the Appeals Council erred in relying on Medical-Vocational Rule 204.00 to find Plaintiff not disabled. (Doc. 18, p. 7, 9). In sum, Plaintiff requests that this matter be remanded to the Commissioner to determine whether Plaintiff's restriction to repetitive tasks significantly erodes the occupational base of unskilled work and, if so, then require the Commissioner to obtain the testimony from a vocational expert rather than relying solely on the Grids to make a disability determination. (Doc. 18, p. 11).

The Commissioner argues substantial evidence supports the Appeals Council's finding that Plaintiff's non-exertional limitations did not significantly erode the occupational base. (Doc. 19, p. 7). As a result, vocational expert evidence was unnecessary to determine whether Plaintiff was disabled and the Appeals Council's decision should be affirmed. (Doc. 19, p. 7).

After an Appeals Council determines that a plaintiff cannot return to his past relevant work – such is the case here – an Appeals Council proceeds to the fifth step of the sequential evaluation. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir.

2004). At the fifth step, the Appeals Council considers a plaintiff's RFC, age, education, and work experience to determine whether he can make an adjustment to other work. *Id.* (citing 20 C.F.R. § 404.1520(a)(4)(v)). "Essentially, [the Appeals Council] must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform. If the claimant can make the adjustment to other work, the [Appeals Council] will determine that the claimant is not disabled. If the claimant cannot make the adjustment to other work, the [Appeals Council] will determine that the claimant is disabled." *Id.*

This case centers on which of the two avenues the Appeals Council chose to determine whether other jobs exist in the national economy that Plaintiff was able to perform. The first avenue is applying the Grids. *Id.* Briefly, the Grids:

> provide applicants with an alternate path to qualify for disability benefits when their impairments do not meet the requirements of the listed qualifying impairments. The grids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled.

*Id.* at 1240. The second avenue is by use of a vocational expert, who is an expert in the types of jobs an individual can perform based on his impairments. *Id.* The adjudicator will pose hypothetical questions to the vocational expert to establish whether a person – with the same type of limitations found by adjudicator that apply

to the plaintiff – will be able to perform the requirements of jobs in the national economy. *Id.*

In this case, the Appeals Council relied exclusively on the Grids to find Plaintiff not disabled. (Tr. 5-6). "'Exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1242 (11th Cir. 2004) (quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir.1985) (emphasis added)). A court must determine whether either of these two conditions exists and, if either condition exists, an ALJ or Appeals Council must consult a vocational expert and cannot rely solely on the Grids to make this determination. *Id.*

Here, the Appeals Council adopted the ALJ's RFC findings and found Plaintiff capable of performing a full range of work at all exertional levels. (Tr. 5, 18). Thus, the Appeals Council satisfied the first avenue to exclusively rely on the Grids. The issue here is whether the Appeals Council satisfied the second avenue. The Appeals Council also adopted the ALJ's RFC findings that Plaintiff has nonexertional limitations of retaining the ability: "to perform simple routine, repetitive tasks on a sustained basis over a normal eight-hour workday, in a normal work environment with no more than simple decision making and frequent close interpersonal interactions with coworkers, supervisors and the public." (Tr. 5, 18).

The Appeal Council's RFC contained nonexertional limitations not included in the definition of unskilled work[2] such as performing repetitive tasks on a sustained basis. (Tr. 5, 18).

As to this second avenue of when a claimant has non-exertional impairments that significantly limit basic work skills, the Eleventh Circuit construed the term "significantly limit basic work skills" to mean limitations that prohibit a plaintiff "from performing 'a wide range' of work at a given work level." *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 878 (11th Cir. 2006) ( quoting *Phillips*, 357 F.3d at 1243). In such cases, the ALJ or in this case the Appeals Council must make specific findings "'as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.'" *Id.* (quoting *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).

If the Appeals Council found that Plaintiff's nonexertional limitations did not preclude him from performing a wide range of work at all exertional levels, then the Appeals Council correctly relied exclusively on the Grids. *Id.* at 878. If, however, the Appeals Council determined that Plaintiff's nonexertional limitations significantly limited his basic work skills, then the Appeals Council was required to

---

[2] Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

consult a vocational expert. *Id.* Here, the Appeals Council's decision was insufficient for the following reasons.

After the Appeals Council found the ALJ's vocational findings that Plaintiff could perform light work incorrect, the Appeals Council determined a vocational expert was unnecessary to makes its findings for these reasons:

> However, at step 5 of the sequential evaluation process, the Appeals Council finds that evidence from a vocational expert is unnecessary and the claimant was not disabled within the framework of Medical-Vocational Rule 204.00. The claimant is capable of performing work at all exertional levels with minimal non-exertional limitations. The Council finds that the claimant's nonexertional limitations do not significantly erode the unskilled job base. This conclusion is consistent with Social Security Rulings 83-14 and 85-15 and allows the Appeals Council to make a decision without consulting a vocational expert.
>
> Accordingly, the claimant was not under a disability, as defined by the Social Security Act, from October 5, 2018, through the date of the Administrative Law Judge's decision, June 7, 2021.

(Tr. 6).

The Commissioner argues that the Appeals Council specifically found that Plaintiff's nonexertional limitations, which included a limitation to repetitive tasks, did not "'significantly erode the unskilled job base.'" (Doc. 19, p. 11). The Commissioner also argues that the lack of exertional limitations is significant because the lack of an impairment that precludes heavy work would not ordinarily be a primary reason for unemployment and is generally sufficient to establish a

- 12 -

finding of not disabled, even though other factors may be adverse. (Doc. 19, p.11 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 204.00)).[3] The Commissioner also cited SSR 85-15 – one of the two SSRs cited by the Appeals Council – in support, which explains that if despite non-exertional impairments an individual has a large potential occupational base, he would not ordinarily be found disabled in the absence of extreme adversity in age, education, and work experience. (Doc. 19, p. 11 (citing SSR 85-15, 1985 WL 56857, *3 (Jan. 1, 1985))). In sum, the Commissioner contends that based on the large occupational base, which spans light to very heavy jobs, the Appeals Council reasonably concluded that Plaintiff's minimal nonexertional limitations, including a limitation to repetitive tasks, did not significantly erode the unskilled job based. (Doc. 19, p. 12).

Here, after the ALJ or in this case the Appeals Council determined Plaintiff was unable to perform his past relevant work, the burden shifted to the Commissioner to show the existence of jobs in the national economy, which Plaintiff

---

[3] In support of this argument, the Commissioner cites *Diana Lynne L. v. Saul*, No. 18-2709-JWL, 2019 WL 5821337 (D. Kan. Nov. 7, 2019). In *Diana Lynne L.*, the plaintiff sought review of a decision of the Commissioner of Social Security to deny her disability insurance benefits claim. *Id.* at *1. The administrative law judge found that the plaintiff had only nonexertional limitations, which included limitations to simple, repetitive work, which required only one or two step instruction and did not require interaction with the general public, and determined that these additional nonexertional limitations have little or no effect on the occupational base of unskilled work. *Id.* at *12. The court found that the occupational bases for unskilled work was "exceedingly broad," even with the plaintiff being limited to simple, routine, and repetitive tasks. *Id.* at *13. As a result, the court found that these circumstances did not require the services of a vocational expert and the ALJ properly relied exclusively on the Grids. *Id.* The Court finds this case unpersuasive because it arguably conflicts with other legal authority in the Eleventh Circuit as explained above.

could perform given his limitations. *See Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 884 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.1999)). In the similar case of *Owens*, the plaintiff appealed a lower court's order affirming the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income. *Id.* at 882. On appeal, the plaintiff argued the administrative law judge erroneously concluded that the plaintiff's nonexertional limitations fell short of significantly affecting the occupational base, without obtaining the testimony of a vocational expert. *Id.* He also argued that the administrative law judge failed to provide sufficient reasoning to permit a court to conclude that it conducted the proper legal analysis. *Id.* The Court vacated and remanded the decision to the Commissioner for further proceedings. *Id.*

In *Owens*, the administrative law judge concluded that based on the plaintiff's exertional limitations, the plaintiff retained the RFC to perform unskilled medium work and that his nonexertional limitations did not significantly limit his basic work skills. *Id.* "However, despite the existence of nonexertional impairments, the ALJ did not introduce independent evidence to support this conclusion—whether by way of VE testimony or otherwise—articulating specific jobs in the national economy that Owens can perform, and therefore failed to develop a full and fair record with substantial evidence on this issue." *Id.* at 884. In the instant case, as in *Owens*, the

Appeals Council simply concluded; first that Plaintiff's nonexertional limitations were minimal; and second that they did not significantly erode the unskilled job base. (Tr. 6). The Appeal Council failed to introduce independent evidence to support these conclusions. (Tr. 6). Likewise, "the [Appeals Council] failed to develop a full and fair record with substantial evidence showing that there are specific jobs in the national economy that [the plaintiff] can perform, and to provide sufficiently clear reasoning to show that the proper legal analysis has been conducted." *Id.*; *see also Morgan v. Comm'r of Soc. Sec.*, No. 6:14-CV-1037-ORL-GJK, 2015 WL 5178410, at *2 (M.D. Fla. Sept. 4, 2015) ("This conclusory finding is not supported by substantial evidence because the ALJ failed to provide any explanation or analysis as to why the additional limitations contained in the ALJ's RFC, which are not included in the definition of unskilled work, do not significantly limit Claimant's basic work skills."). Without more, the Appeals Council's conclusions as to the non-exertional limitations being minimal and not significantly eroding the unskilled job base lack explanation or analysis with sufficient clarity to allow a reviewing court to determine whether the proper analysis was conducted. *See Owens*, 508 F. App'x at 884.

In sum, remand is necessary for the Commissioner to provide a sufficient explanation and analysis as to whether Plaintiff's nonexertional limitations of performing simple routine, repetitive tasks on a sustained basis over a normal eight-

hour workday, in a normal work environment with no more than simple decision making and frequent close interpersonal interactions with coworkers, supervisors, and the public preclude a full range of work at all exertional levels and, if so, obtain testimony from a vocational expert. As a result, substantial evidence does not support the Appeal Council's step five findings.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the step five findings. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 5, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties